1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10

JOHNNY E. H.,

11

Plaintiff,

v.

12

COMMISSIONER OF SOCIAL
SECURITY,

13

14

Defendant.

CASE NO. 3:24-CV-5934-DWC

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

15        Plaintiff filed this action under 42 U.S.C. § 405(g) seeking judicial review of Defendant's

16   denial of his application for supplemental security income benefits ("SSI").[1] After considering

17   the record, the Court concludes the Administrative Law Judge ("ALJ") erred in her evaluation of

18   certain medical opinion evidence. Had the ALJ properly considered these opinions, Plaintiff's

19   residual functional capacity ("RFC") may have included additional limitations, or the ultimate

20   determination of disability may have changed. The ALJ's error is, therefore, not harmless, and

21   this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the

22

23

24

---

[1] Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 5.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 1

1  Commissioner of Social Security ("Commissioner") for further proceedings consistent with this

2  order.

3      **I.      Factual and Procedural History**

4          Plaintiff filed a claim for SSI on March 7, 2018, alleging disability as of the protective

5  filing date.[2] Dkt. 11, Administrative Record ("AR") 211–19, 1381. His application was denied at

6  the initial level and on reconsideration. AR 79, 98. He requested a hearing before an ALJ, which

7  took place on December 17, 2019. AR 42–77, 147–49. Plaintiff was not represented by counsel

8  at the hearing. *See* AR 42, 44. On February 28, 2020, the ALJ issued an unfavorable decision

9  denying benefits. AR 24–41. The Appeals Council denied Plaintiff's request for review, and

10 Plaintiff appealed to this Court. AR 13–17, 199–203, 1413–14.

11         On February 22, 2023, based on the parties' stipulation, this Court reversed the ALJ's

12 decision and remanded the claim for a new hearing. AR 1408–09, 1412, 1470–72. The new

13 hearing was held before a different ALJ on April 9, 2024. AR 1377–1400. Plaintiff was

14 represented by counsel at the hearing. *See* AR 1377. Through counsel, Plaintiff amended his date

15 of alleged disability onset to the protective filing date of March 7, 2018. AR 1381. On July 12,

16 2024, the ALJ issued another unfavorable decision denying benefits. AR 1326–54. Plaintiff

17 appealed to this Court. *See* Dkt. 1.

18         In the final decision dated July 12, 2024, the ALJ found Plaintiff had the severe

19 impairments of degenerative joint disease, hernia, obesity, depression, and bipolar disorder. AR

20 1332. Despite these impairments, the ALJ found Plaintiff had the RFC to perform light work as

21 described in 20 C.F.R. § 416.967(b) with certain caveats:

22

---

23 [2] Plaintiff initially alleged disability beginning on August 12, 2008, and filed an additional claim for disability
   insurance benefits ("DIB") beginning on that date, as well. *See* AR 78, 97, 204–19. He abandoned his request for
24 review of the denied DIB claim when he amended his date of alleged disability onset. *See* AR 1381.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 2

[T]he claimant must be allowed to sit/stand alternately every hour but that does not mean leave the workstation, just a change of position; must have simple instructions only; must only have occasional contact with the public and coworkers; and must not be required to work at heights or near hazardous machinery.

AR 1335.

## II.    Standard of Review

When reviewing the Commissioner's final decision under 42 U.S.C. § 405(g), this Court may set aside the denial of social security benefits if the ALJ's findings are based on legal error or are not supported by substantial evidence in the record. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014).

"[H]armless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 404.1502(a). Generally, an error is harmless if it is not prejudicial to the claimant and is "inconsequential to the ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see also Molina*, 674 F.3d at 1115.

## III.    Discussion

Plaintiff contends the ALJ erred in her consideration of certain medical opinion evidence, Plaintiff's testimony about the severity of his symptoms, and lay witness testimony from Plaintiff's mother, leading to an erroneous RFC and step five findings. Dkt. 16 at 2. He contends the proper remedy for these errors is remand for further proceedings. *Id.* at 19.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 3

A.  *Medical Opinion Evidence*

Plaintiff challenges the ALJ's evaluation of medical opinion evidence and prior administrative findings from Terilee Wingate, Ph.D.; William R. Wilkinson, Ed.D.; Anthony W. Fritz, M.D.; Megan M. Colburn, ARNP; J.D. Fitterer, M.D.; and Kristine Harrison, Psy.D. *See* Dkt. 16 at 5–12.

When evaluating medical opinion evidence, ALJs "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s). . . ." 20 C.F.R. §§ 404.1520c(a), 416.920c(a).[3] Instead, ALJs must consider every medical opinion or prior administrative medical finding in the record and evaluate the persuasiveness of each one using specific factors. *Id.* §§ 404.1520c(a), 416.920c(a).

The two most important factors affecting an ALJ's determination of persuasiveness are the "supportability" and "consistency" of each opinion. *Id.* §§ 404.1520c(a), 416.920c(a). "Supportability means the extent to which a medical source supports the medical opinion by explaining the 'relevant . . . objective medical evidence.'" *Woods v. Kijakazi*, 32 F.4th 785, 791–92 (9th Cir. 2022) (quoting 20 C.F.R. § 404.1520c(c)(1)); *see also* 20 C.F.R. § 416.920c(c)(1). An opinion is more "supportable," and thus more persuasive, when the source provides more relevant "objective medical evidence and supporting explanations" for their opinion. 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). "Consistency means the extent to which a medical opinion is 'consistent . . . with the evidence from other medical sources and nonmedical sources in the claim.'" *Woods*, 32 F.4th at 792 (quoting 20 C.F.R. § 404.1520c(c)(2)); *see also* 20 C.F.R. §

---

[3] The regulations regarding the evaluation of medical opinion evidence have been amended for claims filed on or after March 27, 2017. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5867–68, 5878–79 (Jan. 18, 2017). Because Plaintiff's application was filed after that date, the new regulations apply. *See* 20 C.F.R. §§ 404.1520c, 416.920c.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 4

1    416.920c(c)(2). ALJs must articulate "how [they] considered the supportability and consistency

2    factors for a medical source's medical opinions" when making their decision. 20 C.F.R. §§

3    404.1520c(b)(2), 416.920c(b)(2). "Even under the new regulations, an ALJ cannot reject an

4    examining or treating doctor's opinion as unsupported or inconsistent without providing an

5    explanation supported by substantial evidence." *Woods*, 32 F.4th at 792.

6                                    1.    Terilee Wingate, Ph.D.

7          Dr. Terilee Wingate completed three psychological evaluations of Plaintiff on April 6,

8    2018; March 19, 2019; and December 29, 2022. *See* AR 603–10, 1657–65, 1731–38.

9          In the first of the three evaluations, Dr. Wingate found Plaintiff had no or mild limitation

10   (defined as "no significant limitation") in his ability to perform most basic work activities. AR

11   605. She found moderate limitation (defined as "a significant limitation") in Plaintiff's ability to

12   understand, remember, and persist in tasks by following detailed instructions; perform activities

13   within a schedule, maintain regular attendance, and be punctual within customary tolerances

14   without special supervision; and complete a normal workday and work week without

15   interruptions from psychologically based symptoms. *Id.* Dr. Wingate found the overall severity

16   of limitations based on the combined impact of all diagnosed mental impairments to be none or

17   mild. *Id.* She opined that "[f]rom a psychological perspective, he can work. His depressed mood

18   and anxiety appear related to his inability to work at this time and if he could get back to work

19   this would probably improve. His primary disability is physical." AR 606.

20         A year later, in the second evaluation, Dr. Wingate found Plaintiff's overall level of

21   limitation moderately severe. AR 1659. In this March 2019 evaluation, she found the same

22   moderate limitations as in the April 2018 evaluation, as well as additional moderate limitations

23   in Plaintiff's ability to learn new tasks; communicate and perform effectively in a work setting;

24

1    and maintain appropriate behavior in a work setting. *Id.* She opined that Plaintiff could benefit

2    from vocational rehabilitation services and supportive therapy and that Plaintiff's impairment

3    would last six to eight months with available treatment. AR 1660.

4    Just short of four years later, in the third evaluation, dated December 2022, Dr. Wingate

5    again found moderate overall limitations based on the combined impact of all Plaintiff's mental

6    impairments. AR 1733. She found the same moderate specific impairments as in the March 2019

7    evaluation with additional moderate limitations in Plaintiff's ability to perform routine tasks

8    without special supervision and to adapt to changes in a routine work setting. *Id.* She opined his

9    impairments would persist for 12 or more months. *Id.* She also opined vocational training or

10   services would not minimize barriers to employment, citing his worsened physical condition. *Id.*

11   The ALJ found all three of these opinions to be "generally persuasive." AR 1341–42.

12   However, Plaintiff argues the ALJ failed to include all the functional limitations described by Dr.

13   Wingate in the RFC. Dkt. 16 at 5. Unless the ALJ is rejecting a provider's opinion, the ALJ must

14   adopt or incorporate the provider's opined limitations into the RFC. *See Valentine v. Comm'r*

15   *Soc. Sec. Admin.*, 574 F.3d 685, 690–91 (9th Cir. 2009); *see also Sawyer v. Astrue*, 303 F. App'x

16   453, 455 (9th Cir. 2008) (finding error where the RFC assessment did not accurately include the

17   limitations found by state agency consultants and the ALJ's decision did not otherwise explain

18   the weight given to the opinions).

19   Here, the ALJ found Dr. Wingate's opinions "that the claimant has no more than

20   moderate limitations" were supported by Dr. Wingate's examinations and consistent with the

21   overall medical evidence of record. AR 1341–42. Thus, the ALJ accepted Dr. Wingate's

22   opinions that Plaintiff had "significant" limitations in his ability to: understand, remember, and

23   persist in tasks by following detailed instructions; perform activities within a schedule, maintain

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 6

1    regular attendance, and be punctual within customary tolerances without special supervision;

2    learn new tasks; perform routine tasks without special supervision; adapt to changes in a routine

3    work setting; communicate and perform effectively in a work setting; maintain appropriate

4    behavior in a work setting; and complete a normal workday and work week without interruptions

5    from psychologically based symptoms. *Id.* Accordingly, the RFC should have accounted for

6    these limitations. *See Valentine*, 574 F.3d at 690–91. However, the only specific provisions in

7    the RFC related to these limitations are the requirements that Plaintiff "must have simple

8    instructions only" and "must only have occasional contact with the public and coworkers[.]" AR

9    1335. The RFC does not address, for example, the opinion that Plaintiff's ability to maintain

10   regular attendance and be punctual was significantly limited, nor does the ALJ explain how this

11   limitation may affect Plaintiff's functional capacity. Because the ALJ did not include all of Dr.

12   Wingate's opined limitations in the RFC after finding her opinions persuasive, the ALJ erred.

13         This error was not harmless. An incomplete RFC assessment that fails to accurately

14   describe all of a plaintiff's limitations cannot be said to be supported by substantial evidence. *See*

15   *Ghanim v. Colvin*, 763 F.3d 1154, 1166 (9th Cir. 2014) (ALJ erroneously relied on a vocational

16   expert's testimony that was flawed because the ALJ improperly discounted medical evidence and

17   plaintiff's testimony, and the hypothetical and RFC were therefore incomplete). Accordingly,

18   reversal is appropriate.

19                      2.   Megan M. Colburn, ARNP

20         ARNP Megan M. Colburn performed a physical functional evaluation of Plaintiff on

21   March 25, 2019. AR 994–1008. Plaintiff reported persistent abdominal pain and musculoskeletal

22   pain in his hips, ankles, feet, knees, shoulders, wrists, and hands. AR 995. ARNP Colburn found

23   reduced range of motion in Plaintiff's bilateral hips, knees, shoulders, ankles, and wrists. AR

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 7

1003, 1007–08. She concluded Plaintiff's impairments affected his ability to sit, stand, walk, lift, carry, handle, push, pull, reach, stoop, and crouch. AR 1005. She found his hernias, knee pain, shoulder pain, and hand/wrist pain mildly severe, defined as causing no significant interference with the ability to perform basic work-related activities. *Id.* But she found Plaintiff's ankle pain and hip pain to be moderately severe, defined as causing significant interference with his ability to perform basic work-related activities. *Id.* She opined Plaintiff could perform sedentary work in a regular predictable manner despite his impairments and recommended treatment of physical therapy for generalized joint and muscle pain. AR 1006.

The ALJ found ARNP Colburn's opinion unpersuasive. AR 1340. Regarding supportability, the ALJ found ARNP Colburn's opinion limiting Plaintiff to sedentary work was not supported by her findings on examination that most of Plaintiff's impairments caused only mild limitations and his ankle and hip pain caused moderate interference with his ability to perform basic work-related activities. *Id.* After concluding these findings suggest Plaintiff "is not as limited as she assessed," the ALJ also stated ARPN Colburn's assessment that Plaintiff is limited to sedentary work is "inconsistent with her recommended treatment of physical therapy." *Id.*

ARNP Colburn documented Plaintiff's complaints of severe, chronic musculoskeletal pain and noted reduced range of motion in the same joints in which Plaintiff complained of pain. *See* AR 995, 1003, 1007–08. She noted Plaintiff's report that standing, walking, lifting, carrying, bending/squatting, pushing/pulling, and gripping aggravated his pain. AR 995. Based on Plaintiff's reports and her own evaluation, ARNP Colburn concluded Plaintiff's ankle and hip pain would cause significant interference with his ability to perform basic work-related activities.

1    AR 1005. She then opined that he would be able to perform only sedentary work, meaning that

2    he could walk or stand only for brief periods on a regular and predictable basis. AR 1006.

3         The ALJ did not explain why she rejected this logical chain of reasoning. The ALJ also

4    failed to provide any explanation of why ARNP Colburn's "assessment that the claimant is

5    limited to sedentary work is inconsistent with her recommended treatment of physical therapy."

6    *See* AR 1340. In the absence of any explanation, the Court cannot conclude that the ALJ's

7    finding impugning the supportability of ARNP Colburn's opinion was supported by substantial

8    evidence. *See Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) ("We require the ALJ to

9    build an accurate and logical bridge from the evidence to her conclusions so that we may afford

10    the claimant meaningful review of the SSA's ultimate findings.").

11         Regarding the consistency of ARNP Colburn's opinion with the other medical evidence

12    in the record, the ALJ wrote that the opinion was an "overstatement" of Plaintiff's physical

13    impairments compared with other evidence showing "physical impairments that were generally

14    treated conservatively with physical therapy and medication, which the claimant reported that he

15    did not take, as well as surgical repair of the claimant's hernias with improvement in his pain."

16    AR 1340 (citing AR 814, 972, 1132, 1135, 1681, 1711, 1715–18). Although the records the ALJ

17    cited document hernia repair surgery and improvement in associated pain (*see* AR 1711, 1715–

18    18), as well as general treatment with physical therapy and medication, they also include

19    Plaintiff's complaints of ongoing severe pain, particularly in his knees and ankles. *See* AR 972

20    ("He has responded well to [physical therapy] treatment, however continues to have pain down

21    in knee and ankle joints."); 1132 (Plaintiff reporting right ankle pain since injury and surgery);

22    1681 (Plaintiff's chronic right ankle pain "ongoing since 2014 and progressively worsened over

23    the years. He rates his pain as a 7/10 in severity. . . . Ankle motion is painful and limited."). The

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 9

1   ALJ does not explain how these statements, which conflict with the ALJ's conclusion, are

2   inconsistent with ARNP Colburn's opinion.

3          Similarly, the cited records also include conflicting evidence regarding the ALJ's

4   comment that Plaintiff reported not taking medication. The ALJ cited to a note from a pain clinic

5   dated May 22, 2019, that stated Plaintiff did not take *opioid* pain medications. AR 1132. But the

6   next page of this note stated that Plaintiff is allergic to hydrocodone and oxycodone and listed

7   ibuprofen among his current medications. AR 1133. Another cited note, from an orthopedic

8   appointment on November 29, 2021, stated that Plaintiff had not tried anti-inflammatory

9   medication to manage his pain but also stated Plaintiff took 600 milligrams of ibuprofen (a non-

10  steroidal anti-inflammatory medication) four times per day. AR 1680–81. Although the ALJ is

11  responsible for resolving conflicts in the evidence, she must explain her reasoning to allow for

12  this Court's review. *See Ford v. Saul*, 950 F.3d 1141, 1149 (9th Cir. 2020); *Brown-Hunter v.*

13  *Colvin*, 806 F.3d 487, 492 (9th Cir. 2015). Without such explanation, the Court cannot determine

14  whether this finding is supported by substantial evidence. *See Blakes*, 331 F.3d at 569.

15         For the above reasons, the Court concludes the ALJ failed to properly assess medical

16  opinion evidence from Dr. Wingate and ARNP Colburn. Accordingly, the ALJ erred. Had the

17  ALJ properly evaluated this evidence, the ultimate disability determination may have changed, or

18  the RFC may have included additional limitations. Accordingly, these errors are not harmless

19  and require reversal.[4]

20

21

22

23  ───────────────────

    [4] Because the Court finds reversible error in the ALJ's evaluation of Dr. Wingate's and ARNP Colburn's opinions,
    the Court need not address the other challenged medical opinion evidence.
24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 10

1    B. *Remaining Issues*

2    Plaintiff further contends the ALJ failed to properly evaluate Plaintiff's testimony about

3    the severity of his symptoms and lay witness testimony from Plaintiff's mother, and he argues

4    that the RFC and step five findings are not supported by substantial evidence. Dkt. 16 at 2. As

5    noted above, the Court concludes the ALJ committed harmful error in assessing certain medical

6    opinion evidence and in formulating the RFC, and remand for further proceedings is appropriate.

7    Due to these errors, the ALJ must re-evaluate all the medical evidence. Accordingly, on remand,

8    the ALJ is instructed to re-evaluate the entire sequential evaluation process. *See* Social Security

9    Ruling 96-8p, 1996 WL 374184 (1996) (an RFC "must always consider and address medical

10   source opinions"); *Valentine*, 574 F.3d at 690 ("an RFC that fails to take into account a

11   claimant's limitations is defective"); *Watson v. Astrue*, No. ED CV 09-1447, 2010 WL 4269545,

12   at *5 (C.D. Cal. Oct. 22, 2010) (finding the RFC and hypothetical questions posed to the

13   vocational expert defective when the ALJ did not properly consider two physicians' findings).

14   **IV.    Conclusion**

15   Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded

16   Plaintiff was not disabled beginning March 7, 2018. Accordingly, Defendant's decision to deny

17   benefits is reversed and this matter is remanded for further administrative proceedings in

18   accordance with the findings contained herein.

19   Dated this 23rd day of June, 2025.

20

21   David W. Christel
     United States Magistrate Judge
22

23

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 11